## PENNSYLVANIA R. CO. v. SUSQUEHANNA COLLIERIES CO.

District Court, N. D. Ohio, E. D. November 25, 1927.

No. 14509.

Carriers ⚖196—Right of action for demurrage charges in interstate shipment grows out of contract, so parties may extend time limited (Interstate Commerce Act, § 16, par. 3, as amended by Transportation Act 1920, § 424 [Comp. St. § 8584]).

Carrier's right of action for demurrage charges in interstate shipment grows out of contract and is not conferred by the Interstate Commerce Act, so that the limitation of three years for action prescribed by Interstate Commerce Act, § 16, par. 3, as amended by Transportation Act 1920, § 424 (Comp. St. § 8584), may be extended by agreement of the parties, even if this could not be done, were the right created by statute, with a condition annexed that it be enforced within a limited period.

At Law. Action by the Pennsylvania Railroad Company against the Susquehanna Collieries Company. Demurrer to petition overruled.

Squire, Sanders & Dempsey, of Cleveland, Ohio, for plaintiff.

W. C. Scott, of Cleveland, Ohio, and Ernest S. Ballard and Allan J. Carter, both of Chicago, Ill., for defendant.

WESTENHAVER, District Judge. This cause is before me on defendant's demurrer to plaintiff's petition. Plaintiff's action is to recover demurrage charges. The point urged in support of the demurrer is that paragraph 3, § 16, of the Interstate Commerce Act, as amended by Transportation Act 1920, § 424 (Comp. St. § 8584), requires that all actions at law by carriers subject to that act for the recovery of their charges or any part thereof shall be begun within three years from the time the cause of action accrues and not after. Plaintiff's action was not commenced within three years. In excuse, it is pleaded that within three years, and before the cause of action was barred, plaintiff and defendant entered into an agreement to waive the defense of the statute of limitations on condition that suit should not be brought within the statutory period, and that this agreement is still open and subsisting. Plaintiff admits that under the Ohio practice the defense of the statute of limitations may be made by demurrer, if, on the allegations of the petition, the statute is applicable.

Defendant urges that the right to recover demurrage charges is a right conferred by statute, to which is annexed as a condition that suit to recover must be brought within the statutory period, and hence that the right of action is barred, and cannot be prolonged or kept alive by an agreement such as would apply to an ordinary action.

Upon due consideration, I am of opinion that plaintiff's action to recover demurrage charges is not a right conferred by the Interstate Commerce Act, and is not within the authorities relied on by defendant. On the contrary, I am of opinion that plaintiff's right of action grows out of contract. This is none the less true, even though demurrage charges, like tariff rates, must be prescribed in a tariff filed with the Interstate Commerce Commission, and cannot be departed from or varied by the parties, either before or after the service is performed. The cases cited, arising under other provisions of the same section, have no application. In those cases the right of action did not grow out of contract, but out of the statute. No right of action existed except until and as the Interstate Commerce Commission made a finding of certain facts.

In view of this conclusion, it is unnecessary to consider whether a right created by statute, with a condition annexed that it shall be enforced within a limited period, as suits for wrongful death, or actions on a reparation award of the Interstate Commerce Commission, may be kept alive by a voluntary agreement of the parties. It is difficult, however, to perceive any sound reason why it may not. Certainly none of the cases cited so hold.

The demurrer will be overruled, and an exception may be noted.