RAMBO et al. v. UNITED STATES et al.

No. 2385 Civil Action.

District Court, N. D. Georgia, Atlanta Division.

Dec. 5, 1941.

Albert E. Mayer, of Atlanta, Ga., for Marion C. Kingdon, defendant.

UNDERWOOD, District Judge.

The above entitled case came on for hearing upon the petition and the motion of the United States to dismiss upon the ground that the petition "fails to state a claim" recoverable against the United States.

However, the petition alleges: (1) Jurisdiction in this Court under a Federal statute, 28 U.S.C.A. § 41(25), which authorizes suits for the partition of lands where the United States is one of the tenants in common or joint tenants; (2) in a short and plain statement, a claim of joint ownership between plaintiffs and defendants in the land in question and plaintiffs' rights to their respective definite parts; and (3) a demand for judgment for the relief to which they deem themselves entitled. These allegations seem to meet the minimum requirements of Rule 8(a) of Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Under the new rules a very meager petition suffices, but subsequent proper pleadings may force a fuller statement.

It is true the petition is silent as to how plaintiffs acquired title, but that may be shown by the evidence. The important fact is that plaintiffs allege ownership and therefore a question of fact arises which, in the absence of specific allegations showing this to be untrue, can not be determined as a matter of law on motion to dismiss.

Likewise, in the absence of allegations of specific facts showing want of jurisdiction, the general allegations of joint ownership and the bringing of the suit under the designated Federal statute, raises issues of fact which can not be decided on motion to dismiss as a matter of law. The allegations of the petition and insistence of plaintiffs that the suit is a proper partition proceeding, under the designated statute, amount, in the absence of allegations disclosing adverse possession by the United States, to an averment of a cause of action and of the consent of the United States to be used under the statute.

There is no averment in the petition that the possession of the land is adverse to petitioners and this can not be presumed. Whether the possession of the

Spence & Spence and Watkins & Watkins, all of Atlanta, Ga., for plaintiffs.

Lawrence S. Camp, U. S. Atty., of Atlanta, Ga., U. Erwin Sibley, Sp. Asst. U. S. Atty., of Milledgeville, Ga., and James V. Carmichael, of Marietta, Ga., for Cobb County, Ga., and Tax Collector, Cobb County, Ga., defendants.

land by the United States is adverse or not is a question of fact and can not be raised by a speaking motion to dismiss.

Where a petition, sufficient to withstand a motion to dismiss, would be vulnerable to such an attack if the case were fully stated, the proper procedure is by motion for more definite statement or for a bill of particulars, Rule 12(e). Where the petition, as amended or aided by bill of particulars, discloses no cause of action, it may then be dismissed on motion, but where it is sufficient on its face to withstand such motion it can not be so attacked until the petition by amendment or by bill of particulars discloses the absence of a cause of action.

Where a defendant thinks that he is entitled to a judgment either on the pleadings or on the basis of extrinsic facts established by affidavits, depositions or stipulations, he may at any time move with or without supporting affidavits for a summary judgment in his favor under Rule 56, and it would seem that the questions raised at the hearing on this motion could not be determined on motion to dismiss but should be raised on motion for summary judgment.

Whereupon, it is considered, ordered and adjudged that said motion to dismiss be and hereby is overruled.