**JOHNSON et al. v. JOHNSON & CO., Inc.**

No. 2412 Civ. A.

District Court, N. D. Georgia,
Atlanta Division.

Feb. 13, 1942.

Ivey & Nathan, of Atlanta, Ga., for plaintiffs.

Clifford R. Wheeless, O. C. Hancock, and Reynolds & Brandon, all of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

The foregoing case came on for hearing upon defendant's motions to dismiss the petition and interventions, all as amended, on the grounds that they do not state a claim against defendant upon which relief can be granted, and because they clearly show that plaintiff and intervenors were engaged in employment exempt from the provisions of the Fair Labor Standards Act of 1938, upon which they rely for recovery in this case. 29 U.S.C.A. §§ 206, 207.

As shown by the petition and interventions as amended, plaintiff and intervenors were all engaged in practically the same kind of employment which, as set out in the amended petition, is substantially as follows:

Defendant, a wholesale and retail dealer in fresh and canned fish and seafoods, purchases all of same from producers and processors located in coastal areas outside the State of Georgia and in many inland points within and without the State; that such fish and seafood products are brought to defendant's place of business in Atlanta, Georgia, by rail and truck, and all purchases are made on orders filled by said producers and processors from stock on hand in their refrigeration facilities' and

not from stock unloaded immediately after the catch.

The duties of plaintiff and intervenors, as shown by the petition and interventions, are to prepare for shipment and to handle, move and deliver said fish and seafood products from supplies on hand in defendant's storehouse and storage plant in Atlanta, to its customers within and without the State of Georgia, and also to drive trucks to the places of business of producers and processors located at coastal and inland points within and without the State for the purpose of receiving seafood products ordered in advance by defendant and to load same into the trucks from the producers' and processors' stock on hand and then transport same to defendant's place of business in Atlanta.

The question presented is whether or not plaintiff and intervenors are exempt, under Section 13(a) (5) of the Fair Labor Standards Act, from the minimum wage provision of Section 6 and the maximum hours provision of Section 7 thereof. The pertinent part of said section is as follows: "(a) The provisions of sections 206 and 207 shall not apply with respect to * * *; or (5) any employee employed in the catching, taking, harvesting, cultivating, or farming of any kind of fish, shellfish, crustacea, sponges, seaweeds, or other aquatic forms of animal and vegetable life, including the going to and returning from work and including employment in the loading, unloading, or packing of such products for shipment or in propagating, processing, marketing, freezing, canning, curing, storing, or distributing the above products or byproducts thereof; * * *." 29 U.S.C. A. § 213(a) (5).

It appears from the allegations of the petition and interventions that defendant, in addition to dealing in fresh seafoods, also dealt in seafoods "packed in cans labeled under the trade name of the producer, packer and processor," and also in cooked shrimps and crab and lobster meats likewise packed in cans by the producer. It also appears that such foods, processed by parties other than defendant, as far as the pleadings show, were received and delivered by plaintiff in interstate commerce.

■ As far as the pleadings of petitioner and intervenors are concerned, they may have been engaged, in some instances, in employment which would bring them under the Act, and, in other instances, which would exclude them under the exemption. Therefore, whether they would come under the Act or be excluded from its provisions, would have to be determined from evidence adduced at the trial or disclosed by some future pleading, and the Court can not at this time, as a matter of law, on motion to dismiss, determine whether or not plaintiff and intervenors come under the general provisions of the Act or the exemption.

■ Under the new rules, a very meager petition suffices, but subsequent proper pleadings may force a fuller statement.

It is true that the petition and interventions do not show the nature of the employment of plaintiff and intervenors sufficiently to determine whether or not a substantial portion of their work was such as would bring them within the provisions of the Act, but evidence adduced at the trial may disclose this fact.

■ Where a petition, sufficient to withstand a motion to dismiss, would be vulnerable to such an attack, if the case were fully stated, the proper procedure is by motion for more definite statement or for a bill of particulars. Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A. following section 723c. Where the petition, as amended or aided by a bill of particulars, discloses no cause of action or want of jurisdiction, it may then be dismissed on motion, but where it is sufficient on its face to withstand such motion, it can not be so attacked until the petition by amendment or by bill of particulars discloses the absence of a cause of action or want of jurisdiction.

■■ Where a defendant thinks he is entitled under the Federal Rules of Civil Procedure to a judgment either on the pleadings or on the basis of extrinsic facts established by affidavits, depositions or stipulations, he may at any time move with or without supporting affidavits for a summary judgment in his favor, Federal Rules of Civil Procedure, rule 56, and it would seem that the questions raised at the hearing on this motion could not be determined on motion to dismiss but should be raised on motion for summary judgment.

Whereupon, it is considered, ordered and adjudged that said motion to dismiss be, and hereby is overruled without prejudice to defendant to again file a motion to dismiss, should amended pleadings or facts otherwise properly established justify same.