## GIFFORD v. TRAVELERS PROTECTIVE ASS'N OF AMERICA.

### No. 11119.

Circuit Court of Appeals, Ninth Circuit.

Jan. 26, 1946.

Dunne & Dunne and J. D. Lederman, all of San Francisco, Cal., for appellant.

Gavin McNab, Schmulowitz, Aikins, Wyman & Sommer, Nat Schmulowitz, and Peter S. Sommer, all of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

This suit was brought to recover an insurance award for the death of appellant's father who held a certificate of membership in the appellee protective association.

Appellee is a fraternal benefit society, incorporated under the laws of the State of Missouri and transacting business in the State of California.

In 1932, the association issued a Class "A" certificate of membership to appellant's father, George Gifford, under which it assured to the insured "such benefits as may be provided for Class 'A' members in and by the Constitution, By-Laws and Articles of Incorporation of said Association in force and effect at the time any accident occurs from which a claim for benefit arises." Houghton Gifford, appellant herein was named beneficiary. The Certificate of Membership, by its terms, subjected the "member and his beneficiary or beneficiaries" to the provisions of the Constitution, By-Laws and Articles of Incorporation of the Association. The Certificate of Membership and the Constitution required written notice to the Association within thirty days from date of injury, and in the event of death similar notice within thirty days thereafter. Article XIII, Sec. 1 of the Constitution binds the "member and his beneficiary or beneficiaries," and Article XII, Sec. 7 limits the period for commencement of suit to within six months after refusal of the Association to pay a claim.

On September 1, 1944, appellant filed suit to recover the sum of $5,000 for the alleged accidental death of his father, the assured, on September 3, 1943. The complaint alleges that due and timely notice of the death was furnished the Association and that the Association has refused payment.

Appellee moved, under Rule 56(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for summary judgment upon the ground that the action was not timely brought within the six months period limited by the Constitution and By-Laws of the Association, and dismissal of the complaint because of plaintiff's failure to state a claim upon which relief can be granted. Attached to the moving papers, as exhibits, were the Certificate of Membership, the Articles of Incorporation, Constitution and By-Laws of the Association, and the letter from the Association to appellant, dated December 21, 1943, denying liability and rejecting the claim.

On January 29, 1945, Judge Goodman decided upon the record before him that the cause of action is barred by the lapse of more time than stipulated in the insurance contract and accordingly granted the motion. Nevertheless, before entering judgment he afforded the appellant an opportunity to amend his complaint and plead by way of replication any pertinent facts in avoidance of the time limitation. The appellant failed to avail himself of this opportunity. Thereafter, the court entered summary judgment upon the ground that there is no genuine issue as to any material fact, and that the alleged cause of action has become barred by the lapse of time, as stipulated in the insurance contract.

Appellant contends that defendant's motion for summary judgment was premature because it was made before defendant filed any answer to the complaint. A reading of Rule 56(b) refutes this contention. The rule states, 28 U.S.C.A. following section 723c:

Rule 56. *Summary Judgment*

\* \* \* \* \* \*

"(b) *For Defending Party.* A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, *at any time,* move with or without supporting affidavits for

# 211

a summary judgment in his favor as to all or any part thereof." [Emphasis added.]

■■ The question presented by a motion for summary judgment is whether or not there is a genuine issue of fact, and not how that issue should be determined. Ramsouer v. Midland Valley R. Co., 8 Cir., 1943, 135 F.2d 101. A summary judgment may issue for laches or failure to bring suit within a prescribed period of limitations. United States for Use and Benefit of Genessee Sand & Gravel Corporation v. Fleisher Engineering & Construction Co., D.C.N.Y., 1942, 45 F.Supp. 781; Reynolds v. Needle, 1942, 77 U.S.App.D.C., 132 F.2d 161.

■ Where a defendant thinks that he is entitled to a judgment either on pleadings or on basis of extrinsic facts established by affidavits, depositions, or stipulations, he may *at any time* move with or without supporting affidavits for a summary judgment in his favor under the Rules, supra. Rambo v. United States, D.C.Ga. 1941, 2 F.R.D. 200; Johnson v. Johnson & Co., D.C.Ga., 1942, 2 F.R.D. 291.

■■ In this case the trial court determined upon the record before it that the plaintiff's suit had been barred by the running of the period of limitations stipulated in the insurance contract, and that there was no genuine issue of any material fact to be determined. There is *nothing before* this court to justify a reversal of that judgment. Indeed, the trial court delayed its final judgment to give plaintiff an opportunity "to plead by way of replication any pertinent facts in avoidance of the time limitation." By failing to avail himself of this opportunity, plaintiff in effect admitted the facts alleged in the affidavit supporting the motion for summary judgment and left the trial court no alternative. See Allen v. Radio Corporation of America, D.C.Del. 1942, 47 F.Supp. 244; Kissick Const. Co. v. First Nat. Bank of Wahoo, D.C.Neb.1942, 46 F.Supp. 869; Fletcher v. Krise, 1941, 73 App.D.C. 266, 120 F.2d 809, certiorari denied, 314 U.S. 608, 62 S.Ct. 88, 86 L.Ed. 489. Where a defendant presents evidence on which it would be entitled to a directed verdict if believed and which the plaintiff does not discredit as dishonest, it rests on the plaintiff, in opposing defendant's motion for summary judgment, at least to specify some opposing evidence which it can adduce and which will change the result.

Radio City Music Hall Corporation v. United States, 1943, 2 Cir., 135 F.2d 715.

■ Appellant further contends that he, as beneficiary, was not bound by the provisions of the Constitution and By-Laws. None of the cases relied upon by appellant are binding on this case. None of the factual situations are similar to the case at bar. None of those cases contains a specific contractual responsibility, an unquestionable accrual of cause of action, and an unequivocal denial of liability and rejection of claim.

The certificate of insurance under which appellant claims his rights as beneficiary provided that the Constitution and By-Laws shall constitute the agreement between the member and the association, shall govern the payment of benefits, and "shall bind said member and his beneficiary or beneficiaries." How can appellant hope to avoid his responsibilities which are imposed by the same agreement which assures the benefits he seeks in this action?

■ That an insurer may limit by contract the time within which suit may be brought on the policy has been settled in this jurisdiction (Tebbets v. Fidelity & Casualty Co., 155 Cal. 137, 138, 99 P. 501) and by the Supreme Court of the United States. Riddlesbarger v. Hartford Ins. Co., 74 U.S. 386, 19 L.Ed. 257. Under the California law, a contract may fix the time within which a suit may be brought, whether it be a shorter or longer period than that of the Statute. Schram v. Robertson, 9 Cir., 111 F.2d 722; Beeson v. Schloss, 183 Cal. 618, 192 P. 292. If the policy provides a shorter period, the interval may not be unreasonable. Tebbets v. Fidelity & Casualty Co., 155 Cal. 137, 138, 99 P. 501; Fageol T. & C. Co. v. Pacific Indemnity Co., 18 Cal.2d 748, 117 P.2d 669; Pennsylvania R. Co. v. Mid-State, etc. Co., 21 Cal.2d 243, 131 P.2d 544; Bennett v. Modern Woodmen, 52 Cal. App. 581, 199 P. 343; Genuser v. Ocean Acc. etc. Corp., 57 Cal.App.2d 979, 135 P.2d 670; Holderness v. Hamilton Fire Ins. Co., D.C., 54 F.Supp. 145; Radick v. Underwriters at Lloyd's, London, 7 Cir., 137 F.2d 21.

■ Relying on the case of Tebbets v. Fidelity & Casualty Co., supra, we agree with the trial court that the period provided in this contract is not unreasonable. The judgment is therefore affirmed.