COMMERCIAL CASUALTY INSURANCE COMPANY ET AL., Petioners, *v.* DISTRICT COURT OF SAN JUAN, HON. PEDRO PÉREZ PIMENTEL, JUDGE, Respondent; ELEUTERIA VÁZQUEZ ET AL., Interveners.

No. 1842. Argued November 15, 1950.—Decided November 28, 1950.

842

*Wilson P. Colberg* and *Sarah Torres Peralta* for petitioners.
*Bolívar Pagán* for interveners, plaintiffs in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Eleuteria Vázquez, Manuel, Petra and Susana Ríos, as sole and universal heirs of decedent Ramón Ríos, filed a complaint for damages in the District Court of San Juan against the Commercial Casualty Insurance Company and Efraín González. For the purposes of this appeal the essential allegations of their complaint were: that on August 19, 1949 and on insular highway No. 6, while defendant Efraín González was driving motor vehicle bearing license plate P-28621 which is devoted to public service and which is owned by him, he ran over Ramón Ríos, causing him serious injuries from which de died six days later; that the accident was caused by the fault and negligence of defendant González; that the plaintiffs have suffered damages and that at the time of the accident codefendant Commercial Casualty Insurance Co. was liable by virtue of the insurance policy signed by it, for the damages which said vehicle might cause these persons.

Defendants filed a motion for a summary judgment in which they claimed, in so far as pertinent, that on the day alleged in the complaint the vehicle described therein belonged to Agustín Jaca Hernández and was registered in his name

with the Department of the Interior of Puerto Rico; that according to the insurance contract which covers vehicles of this kind the insurance company is not liable if the person driving the vehicle is not the owner; and that neither the Public Service Commission nor the Department of the Interior had approved any transfer at the time of the accident from Agustín Jaca Hernández to codefendant Efraín González; and they requested summary judgment dismissing the action as to codefendant Commercial Casualty Insurance Company. They attached certified photostatic copies of insurance policy No. AS 544880 to their motion; a certificate signed by the Commissioner of the Interior of Puerto Rico on January 18, 1950; a certificate dated August 31, 1949 [1] of the Head of the Automobile and Traffic Division of the Department of the Interior; an affidavit from Manuel San Juan Jr., to the effect that Manuel San Juan Company, Inc., is general agent for said defendant insurer; that as such said corporation has never been informed of any change in the ownership of vehicle PA-67861, nor that Agustín Jaca Hernández had been granted a temporary permit so that said vehicle be driven by a person other than its owner; and that Commercial Casualty Insurance Co. has not issued any endorsement on the insurance policy accepting any substitution of owners of the vehicle.

A hearing was set for the motion for summary judgment and on February 13, 1950 the court overruled it, stating in its order that *"an endorsement appears in the policy presented by defendants* to the effect that the insurance company will not be liable if an accident takes place in a vehicle whose owner has been substituted on a date subsequent to the

---

[1] We have not found said certificate in the record. What appears in the same is the original letter addressed to Benjamín Acosta by the Assistant Director of the Automobile and Traffic Bureau on August 31, 1949 in which the latter informs the former that the Chevrolet automobile bearing license PA 67861 and license plates P–28621 since there were no PA license plates at the time, belonged on said date to Agustín Jaca Hernández from Arecibo, and that no permission had been issued for said vehicle to be driven by any chauffeur other than its owner.

issuance of the policy and no notice of said substitution is given to the Commissioner of the Interior or the insurance company"; that "it appears from a certificate of the Commissioner of the Interior of Puerto Rico of January 18, 1950, that said endorsement is an essential part of the policy issued by the Commercial Casualty Insurance Co. on July 1, 1949 covering vehicles P and PA which travel on the highways of Puerto Rico and which policy will be in force until July 1, 1950;" and that *"Plaintiff presented in opposition to the motion for a summary judgment a copy of the same policy presented by defendants and in which said endorsement does not appear."* (Italics ours.) The court denied a motion for reconsideration and in its order of denial, upon referring to the discussion previously had in connection with the motion, it stated the following:

"This is what happened. The parties submitted the motion for summary judgment on the documents which they presented for and against it. When the Judge stated that it appeared from said documents that there existed a controversy of facts as to the contents of the policy in question and that therefore, summary judgment did not lie, defendants requested the court to summon the Commissioner of the Interior to testify in court. Plaintiff objected alleging that he would also bring evidence as to the contents of the original policy since the attorney for the plaintiff knew that said clause or condition of the policy did not exist in the original when he obtained the certified copy which he presented as evidence in opposition to the motion for summary judgment. *Evidently it was intended to have an oral trial so that the Court weighing the credibility of the witnesses would determine the truth as to the conditions of the policy involved in this litigation.* We believe that this proceeding was improper and we denied defendants' motion." (Italics ours.)

In order to review the orders thus rendered and at the request of the defendants therein we issued the writ of certiorari.

■ Rule 56 of the Civil Procedure provides: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move

with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

Evidently, the fundamental reason why respondent court refused to render the summary judgment sought was that although a certified copy of the policy signed by codefendant Commercial Casualty Insurance Co. as respecting P and PA vehicles issued by the Commissioner of the Interior of Puerto Rico on January 18, 1950 contained an endorsement to the effect that "it is further understood and agreed that this policy does not cover any accident occurring when any insured vehicle is being driven by a person other than the person specifically mentioned in the policy as the owner of the insured vehicles *as respecting PA* and HPA vehicles", (Italics ours) and that "whenever there is a substitution of ownership of any insured car, such substitution of ownership must be previously approved by the Commissioner of the Interior of Puerto Rico and the corresponding change in registration be made, it being understood, however, that such approval is conditioned to the use of the vehicle by the new owner as a tool of work in accordance with the provisions of Act 279, approved April 5, 1946, as subsequently amended,"[2] nevertheless, in another certified copy of the same policy issued on September 8, 1949 by the same Commissioner of the Interior said endorsement does not appear; and because it believed that the admission of oral testimony on the conditions of the policy involved would amount to an oral trial where the court would weigh the credibility of the witnesses and determine the truth.

The respondent court committed error in not admitting the additional evidence to determine whether the policy contained the endorsement in question. According to Moore's Federal Practice, under the new Rules of Civil Procedure, vol. 3, p. 3183, § 56.03: "A motion for summary judgment

---

[2] There is also a certified copy of the said policy in the records issued by José H. Méndez, civil engineer, Director of the Automobile and Traffic Bureau on November 23, 1949 and in which the said endorsement appears.

under Rule 56 is not required to be supported or opposed by affidavits. Rule 56 contemplates that the motion may be heard in any of the four following ways: (1) Wholly upon affidavits and the pleadings; (2) Upon the pleadings, depositions, and admissions of file, without any supporting or opposing affidavits; (3) Upon affidavits, and upon the pleadings, depositions, and admissions on file; (4) *Wholly or party on oral testimony* or depositions, the pleadings, and such facts, as admissions, which may appear of record." (Italics ours.) On the other hand, Rule 43 (*e*) provides that "when a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, *but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.*" (Italics ours.)

Of course, motions for summary judgment should be generally based on the pleadings and admissions appearing in the record, on affidavit, on depositions or on any other documentary evidence. It is only in exceptional cases, in which it is most difficult, if not impossible, to obtain the corresponding affidavits, documents or depositions that, as an exception to the general rule, oral testimony may be admitted in support of a motion like the one involved herein.

■ In the case at bar, however, which only involved a discrepancy between the certified copies of the insurance policy presented by the parties, the court would have been in the best position to duly decide the issue before it by merely authorizing the introduction of an affidavit from the Commissioner of the Interior on the existence or nonexistence of said endorsement or if said affidavit could not be obtained or if in the opinion of the court it were not sufficient, by merely summoning said officer to appear and bring with him the original of the policy. In the case the affidavit or the testimony of the Commissioner remained uncontradicted it would have been easy to conclude then whether or not there remained a material fact in issue. If no real issue of fact existed, it was the duty of the court to render summary judgment for

codefendant Commercial Casualty Insurance Co. *Fernández* v. *District Court, ante,* p. 149, 175; *Hettinger & Co.* v. *District Court,* 69 P.R.R. 128, 132; *Gifford* v. *Travelers Protective Ass'n.,* 153 F. 2d 209, 211; Moore's Federal Practice, vol. 3, p. 3184, § 56.04; Cumulative Supplement of 1949, pp. 233 *et seq.,* § 56.04.

The orders appealed from will be set aside and the case remanded for further proceedings not inconsistent with this opinion.