Lar (America First) DALY, Plaintiff,

v.

William G. STRATTON, Charles F. Carpentier, Elbert S. Smith, Joseph D. Lohman, and C. Arthur Nebel, Defendants.

No. 60 C 787.

United States District Court
N. D. Illinois, E. D.

March 20, 1963.

Robert A. Kahn, Chicago, Ill., for plaintiff.

Don H. Reuben, Kirkland, Ellis, Hodson, Chaffetz & Masters, William G. Clark, Atty. Gen. of Illinois, William C. Wines, Asst. Atty. Gen. of Illinois, Chicago, Ill., for defendants.

WILL, District Judge.

This case arises under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction based on 28 U.S.C. § 1343(3). The following is alleged: On January 25, 1960, plaintiff filed a petition in the office of the Secretary of State of Illinois to have his name placed on the Republican party ballot in the senatorial primary election to be held on April 12 of that year. In February, defendants, who comprised the State Electoral Board,[1] met (pursuant to the provisions of Ill.Rev.Stat.1961, ch. 46, sec. 7–14) and refused to certify plaintiff as a candidate for nomination. This refusal is alleged to have been statutorily unauthorized and the result of a conspiracy under color of state law to deprive Mr. Daly of his right to seek the Republican senatorial nomination. Plaintiff alleges further that he attempted, unsuccessfully, to have this decision reversed, after which this litigation was commenced.

1. At the time, the defendant Stratton was the duly elected and acting Governor of the State of Illinois, the defendant Carpentier was its duly elected and acting Secretary of State, the defendant Lohman was its duly elected and acting State Treasurer, the defendant Smith was its duly elected and acting State Auditor, and the defendant Nebel was an Assistant Attorney General of the State of Illinois representing the duly elected Attorney General, Grenville Beardsley, who was then ill.

Defendants have moved for summary judgment. In support of this motion there is filed an affidavit of Mr. Don H. Reuben, Special Assistant Attorney General of Illinois who represents all of the defendants herein, with two exhibits attached thereto. Exhibit B thereof purports to be a partial list of names appearing two or three times in plaintiff's petition but with a different address each time. Affiant lists more than 230 such signatories and states that in each instance the name and addresses appearing in the petition cannot be found in the official City of Chicago voting list of March, 1960. Affiant also names 36 individuals who signed plaintiff's petition none of whom appear on the voting list at the address set forth in the petition. If what Mr. Reuben says is true, at least 266 of plaintiff's purported signatories were not registered Republican electors.

In order to be a major party candidate for United States Senator in a primary election in Illinois, a nominee must file with his petition the supporting signatures of not less than 5000 primary electors of his party. Ill.Rev.Stat.1961, ch. 46, sec. 7–10. Plaintiff's petition contains the purported signatures and addresses of 5125 persons. If at least 266 signatories were unqualified, the petition obviously bore the names of less than the required 5000 primary electors.

■ Mr. Daly contends that his petition was examined for legal sufficiency by the receiving clerk in the Secretary of State's office at the time it was presented for filing, and that once it was accepted for filing by that clerk, it became unchallengeable. However, the statutory section with respect to the filing of a nominating petition for the United States senatorial primary, ch. 46, sec. 7–12, does not provide that a petition accepted for filing is presumptively bona fide. Cf. ch. 43, sec. 169 (local option referendum petition).

■■ Plaintiff also urges that since the statute does not explicitly authorize the State Electoral Board to receive, hear and decide objections to such a petition as his (cf. ch. 46, sec. 7–13, objections to nominating petitions for ward, precinct and township committeeman; and ch. 46, sec. 10–9, objections to nominations of minor political parties and groups), the board's duty and power is purely ministerial.

The board's duties are as set forth in ch. 46, sec. 7–14:

"Not less than sixty-one (61) days prior to the date of the primary the electoral board shall meet in the office of the Secretary of State, at a time to be fixed by him, and shall examine all petitions filed under this Article 7, in the office of said Secretary of State, and said electoral board shall then certify to the county clerk of each county, the names of all candidates * * * for nomination for all offices, as specified in the petitions for nomination on file in said office, which are to be voted for in such county, * * *."

An election official whose obligation is to "examine" and to "certify" a petition has authority at least

"to determine whether the paper is genuine and such as he is required to receive and make the basis of his action." People ex rel. Brundage v. Righeimer, 1921, 298 Ill. 611, 619, 132 N.E. 229, 232.

When a cursory comparison of a petition and the relevant voting lists reveals, as it does here, that fewer than the statutorily required number of signatories appearing in the former also appear in the latter, the petition is not genuine and the candidate need not be certified.

Plaintiff does not controvert the truth of Mr. Reuben's affidavit but maintains that its contents are irrelevant. If the averments therein are true, and this is not disputed by plaintiff, the board was not obligated to certify him and his civil rights were not violated.

"Where a defendant presents evidence on which it would be entitled to a directed verdict if believed and which the plaintiff does not discredit as dishonest, it rests on the plaintiff,

in opposing defendant's motion for summary judgment, at least to specify some opposing evidence which it can adduce and which will change the result." Gifford v. Travelers Protective Ass'n of America, 9 Cir., 1946, 153 F.2d 209, 211.

As Judge Goodrich has said:

"The alternative would be to sanction discovery and perhaps other pre-trial proceedings likely to be exceedingly burdensome upon both parties only to have the case ultimately dismissed at the trial because of the plaintiff's inability to prove a fundamental but initial point." Gallup v. Caldwell, 3 Cir. 1941, 120 F.2d 90, 93.

Accordingly, defendants' motion for summary judgment will be granted and the complaint will be dismissed. An order consistent with the above will be entered this day.