Lar (America First) DALY, Plaintiff-Appellant,

v.

William G. STRATTON, Charles F. Carpentier, C. Arthur Nebel, Elbert S. Smith and Joseph D. Lohman, Defendants-Appellees.

No. 14191.

United States Court of Appeals Seventh Circuit.

Jan. 8, 1964.

Rehearing Denied Jan. 27, 1964.

Robert A. Kahn, Lar Daly, Chicago, Ill., for appellant.

William G. Clark, Atty. Gen., Don H. Reuben, Sp. Asst. Atty. Gen., Chicago, Ill., Elsie C. Spears, Lawrence Gunnels, Chicago, Ill., of counsel, for appellees.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Lar (America First) Daly, plaintiff, has appealed from an order of the district court which granted the motion of William G. Stratton, Charles F. Carpentier, C. Arthur Nebel, Elbert S. Smith and Joseph D. Lohman, for summary judgment and dismissed plaintiff's complaint for damages for alleged violation by defendants of 42 U.S.C.A. § 1983. Its opinion is published in 215 F.Supp. 244 (1963).

The complaint charged that defendants, acting as the Illinois State Electoral Board, in performing a ministerial duty to certify his name as a candidate for the nomination of the Republican party for the office of United States senator from Illinois, at the primary election to be held on April 12, 1960, failed to perform their statutory duty, refused to certify his name as a candidate to the various county clerks, and gave the plaintiff no notice of a hearing of said refusal of certification, in violation of the constitution of the United States, especially the fourteenth amendment; that the defendants conspired to prevent plaintiff's name to be certified for printing on the ballots in said primary election.

In his complaint, he sought judgment for actual and exemplary damages of $5,135,150, with attorneys' fees.

He was represented by counsel in filing his complaint and upon argument in this court. Plaintiff joined in the oral argument before us.

In the district court, on the hearing of the motion of defendants for summary judgment, plaintiff's petition for nomination was introduced as Exhibit A. It consists of 205 numbered sheets, each constituting a complete petition form with 25 purported signatures, followed by addresses expressed in street and number, and the words "Chicago" and "Cook" written preceding the printed words "County, Illinois" appearing on each line. Each sheet appears to have been certified in writing by the person who circulated it, and subscribed and sworn to before plaintiff, as a notary public.

■ ■ 1. Pertinent Illinois law governing the Illinois Electoral Board, § 7–14 ch. 46, Ill.Rev.Stat.1961, has vested that board, consisting of the governor, secretary of state, attorney general, state treasurer and auditor of public accounts (all customarily elected by the voters), with the power to "examine all petitions filed" with the secretary of state and, only after such examination, is it authorized to "certify" the candidate named therein for inclusion on the ballot. We think that the Board had authority to refuse to certify a defective or insufficient petition. While it is true that it had only such powers as were conferred upon it by the general assembly of Illinois, it has been recognized as a commonplace principle of statutory construction that the legislative grant of power carries with it the right to use all means and instrumentalities necessary to the beneficial exercise of the expressly conferred powers. People ex rel. DuPage County v. Smith, 21 Ill.2d 572, 580, 173 N.E.2d 485.

■ We are not impressed by plaintiff's contention that the Board had only ministerial power. It certainly had some executive duty to perform, else it would not have been constituted as it was. If the duty to be performed in connection with primary petitions was merely clerical and formal, such as a counting of the pages and signatures and a verification of the forms used, the general assembly could have delegated the duty of inspection to a clerk. Instead it called upon the chief executive officials of the state to meet together as a board and perform what is obviously an important function. We hold that the Board was exercising an executive function and was not acting merely ministerially. It is apparent to us that if the Board looked at the petitions presented by plaintiff, photostatic copies of which are in the record before us, and we must presume that, in the performance of its duty its members did so, it could have been convinced that the total signatures written upon the petition were made by less than the total of all the persons described as signers. It was not necessary for the law to provide that the members of the Board should be qualified handwriting experts, in order to determine by means of inspection that this petition on its face lacked the signatures of the required number of primary electors of the Republican party. We cannot say that the district court erred in letting stand the action of the Board.

■ 2. We believe that the granting of relief under 42 U.S.C.A. § 1983, on the facts of this case, would not be consistent with the language of the court in McDougall v. Green, 335 U.S. 281, 284, 69 S.Ct. 1, 2, 93 L.Ed. 3, where it said: " * * * It would be strange indeed, and doctrinaire, for this Court, applying such broad constitutional concepts as due process and equal protection of the laws, to deny a State the power", when providing for signers on a petition to form a new political party, to classify thinly populated counties and those having concentrated masses. The court stated, "The Constitution—a practical instrument of government—makes no such demands on the States." If the Illinois Electoral Board, in the opinion of plaintiff, did not perform its function in accordance with the law creating it, he was relegated to the courts of Illinois whose province it was to resolve the question he raised. This he did. The Illinois Supreme Court denied mandamus. Daly v. Stratton, March Term, 1960, No. 35739.

3. Significantly, plaintiff has waived any question as to whether the case was properly disposed of in the district court by summary judgment. He states in his brief in this court: "There is no genuine issue of fact in Defendants' motion for summary judgment * * *". In the same brief he argues, "The *only* possible issue of fact which the Court below should have considered, when deciding Defendants' motion for summary judgment, was whether the Defendants were *required* to certify Plaintiff's name *at the time of their meeting* on February 9, 1960, * * *".

Obviously the latter issue is one of *law* which the district court resolved when it entered the order from which plaintiff has appealed.

For these reasons, we find no error in the order of the district court granting summary judgment and dismissing plaintiff's complaint.

4. Plaintiff in his brief mentions and seeks to justify his repeated entry into election contests over a period of several years. His activity in this respect is not only a matter of common knowledge but is reflected by the decisions of this court on some occasions. In 1959 plaintiff sought both the Democractic and Republican nominations for the office of mayor of Chicago, Illinois. In 1956 plaintiff was a candidate for the office of governor of the state of Illinois on the Republican ticket. Also in 1956 he was a candidate for the office of president of the United States, as a Republican.[1]

While these facts have been mentioned in the briefs filed herein, they have not influenced our decision. Active participation by citizens in the affairs of government is a wholesome aspect of American life. Many prominent citizens have repeatedly lost in their attempts for high office. Plaintiff has unstintingly given of his efforts in seeking election.

For the reasons herein set forth, the order of the district court is affirmed.

Order affirmed.

1. More recently, according to defendant's brief, plaintiff was a candidate in the

Democratic primary on April 10, 1962, for United States senator from Illinois.