### MILKS v. TRITTEN.

1. APPEAL AND ERROR—FINDING OF FACT—SPECIAL VERDICT.
   Statement in opinion filed by trial judge, in case tried without jury, must be treated as finding of fact, and, on appeal, has force and effect of special verdict.

2. INSURANCE—AUTOMOBILE INSURANCE—NOTICE OF ACCIDENT.
   Where insured did not know that his automobile had caused accident, notice given to insurer as soon as declaration was served, *held,* reasonably within requirements of policy.

3. SAME—RELEASE OF INSURER—CONSIDERATION—CONTRACTS.

Where obligation rested on insurer to defend action against insured for damages resulting from automobile accident, agreement by insured releasing insurer from all liability under policy on condition that it defend said action was void for want of consideration.

4. CONTRACTS—CONSIDERATION.

Doing what one is legally bound to do is not consideration for new promise.

5. COMPROMISE AND SETTLEMENT—FAVORED BY LAW.

Law favors settlements if made in good faith.

6. SAME—WHEN SETTLEMENT EFFECTED.

To effect settlement by compromise there must exist actual controversy terminated by mutual concession.

7. INSURANCE—GARNISHMENT—LIABILITY OF INSURER.

Where insured's release of insurer from liability under its policy for damages resulting from automobile accident was void for want of consideration, insurer was properly held liable as garnishee defendant in proceedings on judgment against insured.

Appeal from Manistee; Cutler (Hal L.), J. Submitted May 23, 1933. (Docket No. 145, Calendar No. 36,899.) Decided October 2, 1933.

Garnishment proceedings by Loren Milks, by next friend, against William Tritten, principal defendant, and Michigan Mutual Auto Insurance Company, garnishee defendant. Judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*Campbell & Campbell,* for plaintiff.

*Patchin & Menmuir (Arthur W. Penny,* of counsel), for garnishee defendant.

SHARPE, J. Plaintiff secured a judgment against the defendant Tritten for damages arising out of a collision between defendant's car and that in which

plaintiff was riding, in the sum of $3,500. It was affirmed by this court (258 Mich. 236). A writ of garnishment was served on the defendant company. It filed a disclosure denying liability. On the trial of the statutory issue, the plaintiff had judgment, from which the defendant company has taken this appeal.

At the time of the collision Tritten had a policy of insurance in the sum of $5,000 issued by the defendant company, protecting him against liability for the damages for which the judgment was rendered.

Among the "policy conditions" appear the following:

"In case of accident or loss occurring which is covered by this policy, assured shall give immediate written notice thereof to the company at its home office.

"Notice given by or on behalf of the assured to any authorized agent of the company within the State of Michigan, with particulars sufficient to identify the assured, shall be deemed sufficient notice to the company under this policy and failure on the part of the assured to give any notice required to be given under this policy within the time specified therein, shall not invalidate any claim made by the assured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as reasonably possible."

In the policy the defendant company agreed:

"To defend, in the name and behalf of the assured, any action brought against the assured to enforce a claim for damages covered by this policy; to pay all costs taxed against the assured in any legal proceeding defended by the company; to pay

all interest accruing after entry of judgment * * * ;
to pay all expenses incurred by the company for
investigation, negotiation, and defense, within limits
of protection indicated in the declarations; provided
the assured shall have immediately forwarded to the
company any summons or other process of law that
may have been served upon him."

The defense was based upon the failure of Tritten
to give notice of the accident and upon an instru-
ment signed by him hereafter referred to. The
accident happened on September 28, 1930. A copy
of the declaration was served on Tritten on Feb-
ruary 4, 1931. He at once saw the local agent of
the defendant company at Manistee, and then went
to the home office of the company at Traverse City
and left the copy with W. P. Crotser, its secretary
and manager. After some conference he signed a
writing reading as follows:

"Whereas, on September 28, 1930, I had an ac-
cident with my car, and that of Edwin Milks, in
which Loren Milks was injured, and I did not notify
the Michigan Mutual Auto Insurance Company of
the happening of this accident until suit was
brought against me upon February 4, 1931, by the
injured parties, by reason thereof it is understood
and agreed by me that the only liability of said com-
pany shall be to defend such suit by attorney. The
witnesses I shall furnish and if any judgment is
secured against me therein, I agree that there shall
be no liability to pay the same on the part of said
company. Such payment shall be made by me
only."

As to what occurred at that time Tritten testified:

"Well, he said,—first he said they were not liable
for any damage; then he said, 'But we will furnish
you an attorney; and I didn't know much about

this case or about these things,' so I said, 'If I could be sure of that now,' and he said, 'Yes, we will draw up an agreement here and we will both sign it, so that you will know that we will.'"

Mr. Crotser testified that when Tritten came to see him he (Tritten) said to him that as he passed the car in which plaintiff was riding—

"something happened; he did not know just what it was, but something happened. The Milks car swung off to the right and into the ditch;"

that he then called Tritten's attention to the provision in the policy as to notice and "he said he did not know it was necessary;" that, some days after, he returned and wanted to know if the company would defend the suit; that he told him there was no obligation on the part of the company, but agreed to do so "with the understanding there was no liability on the part of the company to do it;" that Tritten agreed to it, and the agreement was then drawn up and signed. Mr. Crotser, who is an attorney, then entered an appearance for Tritten, and on the trial appeared for him with Mr. Patchin as counsel.

The printed record of the proceedings in that case as filed in this court, on appeal, was offered and received in evidence. We refer to and quote therefrom.

Mr. Tritten was called as a witness in his own behalf and examined at length by Mr. Patchin. He testified:

"The rear end of my car did not come in collision with the front end of their car because if it had I would have heard it, or felt it. I did not hear or feel anything of the kind, or see anything of the kind. I was driving at that time. I was not in a position where I could have seen the rear end of my

car but I did not hear or feel anything of the kind.''

And on cross-examination he said:

''I did not hear or feel any striking of my car against their-car.''

In submitting the case to the jury the trial court, when referring to the defense, said:

''It is his further claim that the automobiles did not collide but that the plaintiff, in the operation of turning his car around there, lost control of it, and the car ran over the bank of its own accord, and that the plaintiff sustained the injury in that way.''

At the conclusion of the proofs in this case both parties moved for a directed verdict. During the argument thereon, the following occurred:

''The Court: If there wasn't any interference on the part of Tritten, then there wasn't any liability, and there wasn't any need of any notice to you. That is what I want to hear from you on,—whether he would be compelled to give you notice when there was no liability on his part at all.

''My idea is this; if he went along there, minding his own business, and turned out to pass this car, with a nice clearance, which he had a right to do, on the extreme left-hand side of the road, as you claimed in the other case, and defended on that ground, that he was in no way legally responsible for that accident, then was there any need of any notice to the insurance company, until suit was commenced.

''Mr. Patchin: No; I don't think there was, if he had no notice or knowledge; he would not be presumed to have knowledge he caused an accident, there would be no occasion for notice.''

Counsel, however, insisted that it was ''conclusively established in this court'' by the verdict of

the jury "that he was liable for this accident," and that, in the writing signed by him, Tritten absolved the company from liability in consideration of its defending him in the action.

After some discussion, it appears that the jury were discharged by consent of counsel and it was agreed that counsel should file briefs and a judgment be entered pursuant to an opinion to be filed by the court. In the opinion filed pursuant to this understanding, the trial court stated:

"Had Tritten known that his car struck plaintiff's car or caused it to swerve off of the highway and upset, it would have been his duty to notify the garnishee company; but the proofs are the other way, and Tritten did not know that his car caused the accident, or that any such claim was made against him, until the declaration was served upon him. Therefore, he did not know of an 'accident or loss occurring which is covered by this policy.' "

Under the circumstances, this statement must be treated as a finding of fact by the trial court, and in our opinion it is supported by the evidence. Upon this appeal it has the force and effect of a special verdict. *Richards-Wilcox Manfg. Co.* v. *Talbot & Meier,* 252 Mich. 622. It follows that the notice given reasonably complied with the requirements of the policy.

The effect of the writing signed by Tritten must now be considered. There having been compliance by the insured with the terms of the policy in respect to notice, an obligation rested upon the defendant to defend the action, and there was no consideration for the agreement relieving it from liability.

"It is too well settled to require the citation of authorities that doing what one is legally bound to do is not a consideration for a new promise." *Doebler* v. *Rogge,* 221 Mich. 508, 511.

Counsel urge that the writing was in effect a "compromise settlement," and that, although executory, it operated as a bar to any action that Tritten might bring upon the policy. The law favors settlements if made in good faith. But, to effect a settlement by compromise, there must exist an actual controversy, terminated by mutual concessions. No such controversy here existed. In the writing Tritten stated that he had no claim against the company arising out of the accident, and, if so, there was nothing to compromise or settle, and his release of the company from liability was without consideration, as also was the promise of the company to defend the action.

The judgment is affirmed.

McDONALD, C. J., and POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.