[Civ. No. 8786. First Appellate District, Division One.—January 29, 1934.]

ALBERT E. HILL, as Administrator, etc., Respondent, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, Appellant.

Dunn, White & Aiken, Hamilton Wright and Decoto & St. Sure for Appellant.

Earl Warren, District Attorney, and Nathan Harry Miller, Deputy District Attorney, for Respondent.

KNIGHT, J.—This is an action to recover on a policy of accident insurance. The demurrer interposed by the defendant insurance company to the second amended complaint was overruled and said company declined to answer; whereupon a default judgment was entered, from which the company appeals.

The points urged in support of the appeal are that it affirmatively appears from said complaint, to which a copy of the policy is attached, that notice of the accidental death of the insured was not given within the time specified in the policy; that no proof of loss was furnished as required by its terms; and that the action was not commenced within the period of time fixed by the policy.

The following are the provisions of the policy involved: "4. Written notice. . . . In the event of accidental death immediate notice thereof must be given to the Association. 5. . . . Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as reasonably possible. 6. The Association upon receipt of such notice, will furnish to the claimant such forms as are usually furnished

by it for filing proofs of loss. If such forms are not so furnished within fifteen days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made. 7. Affirmative proof of loss must be furnished to the Association at its said office . . . and in case of claim for any other loss [death] within ninety days after the date of such loss. . . . 14. No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy.''

The facts as they appear from said complaint are as follows: The policy was issued January 4, 1923, to Martino Perata, whereby, among other things, he was insured for $2,000 against loss of life by accident, the amount of the insurance, in case of accidental death, being made payable to his estate. On March 17, 1927, while walking along the railroad tracks in the vicinity of Fruitvale station, Alameda County, he was struck by a ''stay-chain'' sprung out from one of the cars of a moving train, and thrown under the wheels. As a result of the injuries inflicted he died the following day, leaving no heirs in this state. Plaintiff is the public administrator of Alameda County and did not learn of the case until about the middle of October, 1928, whereupon he immediately applied for and on October 18, 1928, there were issued to him letters of administration in the matter of the estate of said deceased. On or about November 14, 1928, he gave to said company the requisite notice of the accidental death of Perata, and approximately two weeks later demanded from the company the forms upon which to prepare proof of loss. The company denied all liability for the loss and upon that ground refused to furnish said forms; consequently no proof of loss was made, and on March 1, 1930, well within the two-year period from that time, plaintiff commenced this action. The specific allegations of said complaint from which appear the essen-

tial facts above mentioned are as follows: "That plaintiff did not know and was not informed of the aforesaid death of the said decedent, Martino Perata, or of the existence of the aforesaid policy of insurance until on or about the 18th day of October, 1928. That compliance with the provisions of the aforesaid policy requiring the giving of notice and furnishing of proofs was for that reason impossible before said date. That when plaintiff herein was informed of the death of the aforesaid decedent and of the existence of the aforesaid policy, he, with due diligence, secured the appointment of himself as Administrator of the estate of the said Martino Perata, and qualified as such Administrator, and on the said 18th day of October, 1928, as aforesaid, Letters of Administration were issued to him, and he thereafter, to-wit, on or about the 14th day of November, 1928, as aforesaid, gave to defendant notice of the accidental death of the said Martino Perata. That all of the aforesaid things were done with due diligence and as soon as reasonably possible. That after plaintiff gave to said defendant written notice of the death of the said Martino Perata, as aforesaid, and demanded from said defendant such forms as are usually required by it according to the terms of its policy for filing proof of loss as aforesaid, plaintiff was informed by defendant on or about the 27th day of November, 1928, that because immediate notice of death had not been given and proofs had not be submitted within ninety days of death, defendant would not admit liability upon the aforesaid policy of insurance. That when defendant advised plaintiff that defendant would not admit liability upon the aforesaid policy, even though proofs of loss were filed at that time, to-wit, on or about the 27th day of November, 1928, as aforesaid, defendant waived the provision in the aforesaid policy requiring furnishing of such proofs, and for that reason plaintiff did not furnish proofs of loss."

In view of the facts and circumstances thus alleged, we are of the opinion that the trial court did not err in holding that said complaint stated a cause of action and that the action was begun within the limitation of time fixed by the terms of the policy. Owing to the peculiar circumstances of the case, plaintiff was evidently the only person charged with giving the notice of the accidental death of the assured; and obviously it was not "reasonably possible"

for him to give the same until after he had learned of the death. As said in the following case, instances might arise where a very short time would be unreasonable; others where a long period of time would be reasonable. (*Farrell* v. *Nebraska Indemnity Co.*, 183 Minn. 65 [235 N. W. 612].)

And having given the requisite notice as soon as it was reasonably possible, plaintiff took all subsequent steps necessary to comply with the provisions of the policy and within the limitation of time fixed thereby. The denial of all liability by said company for the loss, and its refusal to furnish the forms for the proof of loss doubtless operated as a waiver of the condition requiring proof of loss (*Paez* v. *Mutual Indemnity etc. Ins. Co.*, 116 Cal. App. 654 [3 Pac. (2d) 69]; *Bank of Anderson* v. *Home Ins. Co.*, 14 Cal. App. 208 [111 Pac. 507]), and "within two years from the expiration of the time within which proof of loss is required by the policy" (see clause 14 thereof hereinabove quoted) the action was begun.

The trial court's decision on the points raised by the demurrer is fully sustained by the case of *Federal Life Ins. Co.* v. *Holmes' Committee*, 232 Ky. 834 [24 S. W. (2d) 906], which is similar in principle and analogous in its facts to the present case. Numerous authorities from other jurisdictions are cited and discussed therein to support the reasoning there followed; and although we have given full consideration to the arguments advanced and authorities cited by appellant in opposition to the trial court's ruling, we have found nothing therein to show that the conclusions reached by the trial court are unsound, or that the law declared in the case last above cited is inapplicable here.

The judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 29, 1934.