OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited, v. LUCAS et al.

No. 6522.

Circuit Court of Appeals, Sixth Circuit.

Dec. 10, 1934.

N. P. Beall, of Cleveland, Ohio (Mc-Keehan, Merrick, Arter & Stewart and George William Cottrell, all of Cleveland, Ohio, on the brief), for appellant.

H. M. Roberts, of Cleveland, Ohio (Howell, Roberts & Duncan, of Cleveland, Ohio, on the brief), for appellees.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Lauretta P. Lucas, appellee, was injured while riding as a passenger in the automobile of William A. Butler, appellee, who carried automobile liability insurance with the appellant. Mrs. Lucas sued Butler in the state court. The appellant defended the action. Judgment was rendered against Butler, and paid neither by Butler nor by the appellant. Thereupon Mrs. Lucas brought the present action under favor of section 9510-4 of the General Code of Ohio. The case was tried to a jury, which found for the plaintiff, and the District Court rendered judgment against the appellant.

Butler notified the appellant immediately after the accident, and signed a written statement for appellant, in which the occurrence was described. He testified in detail at the trial in the state court.

The appellant pleaded in the District Court that it was not liable upon the policy of insurance, upon the ground that Butler had failed to cooperate as required by the policy, and affirmatively pleaded that Butler's original signed statement and the answer in the state court signed by Butler set forth a defense of unavoidable accident, upon which the appellant relied, whereas Butler's testimony at the trial established a case of absolute liability. Mrs. Lucas in her reply denied failure to cooperate, and affirmatively pleaded that before the trial of the action in the state court, Butler stated to counsel for the appellant all of the facts pertaining to the accident in the same manner in which he testified at the trial of the action, and that with full knowledge of what Butler's testimony would be upon the trial, the appellant proceeded to defend, and thereby waived any claimed breach of the insurance contract.

The appellant urges (1) that the District Court erred prejudicially in receiving in evidence a transcript of the argument made by the defense counsel to the jury at the trial in the state court; and (2) that the District Court erred in charging the jury in substance that in order to sustain the defense of lack of cooperation, the variance between the statements and information given by Butler to the insurance company before the trial and his testimony at the trial had to be a conscious variance on his part, as well as a material and substantial variance.

The first objection arises out of the following facts: As evidence of "waiver" as well as of cooperation under the policy, counsel for Mrs. Lucas elicited from Butler the testimony that he, prior to the trial in the state court, had stated to the adjuster for appellant in substance the same story that he gave upon the trial in the state court. Counsel for appellant admitted that in a forty-five minute conference with Butler some twelve days before the state trial, Butler said to him in substance that just before the collision he started to accelerate his car, which was "new" to counsel. He added that at this conference "there were some respects with reference to the details of the happening of the accident that Mr. Butler told me existed that were not contained in the original statement that he signed."

The appellant then urged that at no time prior to Butler's testimony in the state court had it been aware of the version of the accident given by him on the trial, and offered testimony by its counsel in re-direct examination, that he was "surprised" at the testimony of Butler in the state court. As bearing on the question of counsel's surprise, to which the District Court limited its consideration, the transcript of the argument of counsel in the state court was offered and received in evidence. This argument in effect declared to the jury that the defense counsel thought the jury had been impressed throughout the case as to the fairness of Butler, his frankness, his truthfulness about every occurrence from the beginning to the end of the trip during which the accident occurred. The only objection made to the introduction of this evidence was that it was not relevant to the issues.

The main issue of fact in the case was whether Butler made full disclosure to the appellant before the trial of the facts to which he testified at the trial in the state court.

The evidence as to surprise was offered no doubt to show not only that there was failure to cooperate, but also that there was

no waiver, or, as it might more accurately be termed, estoppel. The argument was so related to these questions that according to the common experience of men it might be considered as rendering improbable counsel's claim that he had been surprised. Since the argument tended to throw light upon this question, it was relevant.

■ As to the question of the court's charge upon variance in testimony, the specific failure to cooperate upon which appellant relies was that Butler at the trial in the state court had materially changed his story. Unless Butler complied with the conditions of the policy Mrs. Lucas could not recover. Stacey v. Fidelity & Casualty Co. of New York, 114 Ohio St. 633, 151 N. E. 718; Clements v. Preferred Accident Insurance Co. of New York, 41 F.(2d) 470 (C. C. A. 8); Metropolitan Casualty Insurance Co. of New York v. Colthurst, 36 F.(2d) 559 (C. C. A. 9).

As to whether the court correctly charged upon the question of failure of the assured to cooperate, we note that there were three variances between Butler's two accounts of the accident:

(1) In his written statement given to the adjuster, Butler declared that the accident was caused by the fact that a car turned abruptly in front of him into his lane of traffic, which caused him suddenly to stop his car, and that his car was thereupon struck in the rear by a car, which shoved him forward so that he collided with an oncoming car which was somewhat over the center line of the street. At the trial Butler, who was called for cross-examination by Mrs. Lucas and was not examined by the appellant, said nothing about being shoved by a car behind him.

(2) Butler, in his signed statement, said that at no time was his automobile over the center line of the street. At the trial Butler said "after the collision" the front end of his car was over the center line, and that skidmarks of his car extended from 18 to 24 inches beyond the center line.

(3) The signed statement said that without any warning the car at Butler's right pulled abruptly to the left and in front of him. At the trial, Butler stated that he "thought" he "could beat him to it * * * and stepped on it."

The policy required the assured, whenever requested by the company, to "co-operate with the Company, except in a pecuniary way, in all matters which the Company deems necessary in the defense of any suit."

The District Court charged that it was the duty of Butler under the policy to give the truth in any statements which he made to the company, according to his best capacity and understanding of the events and circumstances of the accident, and that it would not be cooperating, as required by the policy, if Butler consciously testified to a set of facts materially different from that which he had given in any previous statement to the company's agent and attorneys.

As to cooperation in disclosure, the authorities do not aid us greatly. The assured notified the company of the accident. There is no claim that he failed to aid in securing information and evidence and the attendance of witnesses. He executed and signed all necessary statements and pleadings. He admitted that he was operating the automobile at the time of the accident, and gave statements of the circumstances thereof to representatives of the company. If Butler's first story was true, this was the essence of cooperation before the trial. But the appellant claims that a material variance at the trial, whether conscious or unconscious, would violate the insurance contract.

■ When persons cooperate, they act jointly or concurrently toward a common end, and in an insurance case they are governed by the insurance contract. Obviously the common end set forth in this contract as to statements was not that the assured, regardless of truth, should establish non-liability for himself or for the company. It was that the facts of the accident should be fairly, fully and accurately disclosed. As Mr. Justice Cardozo states in Coleman v. New Amsterdam Casualty Co., 247 N. Y. 271, 160 N. E. 367, 369, 72 A. L. R. 1443, cooperation means "that there shall be a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense."

■ A deliberate and wilful falsification of material facts would have violated the terms of the policy. This is the effect of the holding in United States Fidelity & Guaranty Co. v. Wyer, 60 F.(2d) 856 (C. C. A. 10).

When the District Court charged that a variance in statements must be not only material, but "conscious," to constitute failure to cooperate, he was using equivalent terms for material, deliberate and wilful falsification.

■ If lack of cooperation under such a policy is found to exist upon the sole ground of variance in statements, that variance must be not only material, but conscious. Oth-

erwise, an unscrupulous claim adjuster taking a written statement prior to trial could derive great advantage from such variance, for the honest witness might unconsciously vary a repeated story.

We find no reversible error in the admission of the transcript of the argument or in the charge of the District Court.

The judgment is affirmed.