[L. A. No. 16604.   In Bank.—June 28, 1938.]

MINNIE GRANT, Respondent, v. SUN INDEMNITY COM-
PANY OF NEW YORK (a Corporation), Appellant.

Elbert E. Hensley and W. H. Abrams for Appellant.

Paul Taylor and Noel B. Martin for Respondent.

SHENK, J.—Appeal by the defendant from a judgment for the plaintiff in an action on a policy of indemnity insurance issued to Thomas T. Harbeson and Mariam Harbeson.

The policy was issued in 1931 to the Harbesons, husband and wife, when they were the owners of a Studebaker automobile. The policy by its terms bound the defendant to indemnify the named assureds and any person who might drive the automobile with their consent, against liability up to $25,000 on account of injuries sustained by other persons through their operation of the car. In July, 1932, the Harbesons sold the Studebaker and bought a Chrysler automobile. Herndon Ryon was the minor brother of Mariam Harbeson and lived with the Harbesons. He frequently drove their car for them and at times operated it himself for his own purposes when it was not otherwise in use. On October 7, 1932, while Herndon Ryon was driving the Chrysler and was its sole occupant, he collided with Minnie Grant, the plaintiff herein, and caused injuries to her person. Minnie Grant brought an action against Thomas T. Harbeson, Herndon Ryon, and the latter's father, for damages. In July, 1934, she recovered a judgment for approximately $6,775 and costs. Before the trial Thomas T. Harbeson died, and judgment was entered against Herndon Ryon and his father for the amount recovered. The defendants in that action prosecuted an appeal which terminated in an affirmance of the judgment in January, 1936. (*Grant* v. *Ryon,* 11 Cal. App. (2d) 101 [53 Pac. (2d) 170].) Prior to the time the judgment in that action became final and in November, 1934, Minnie Grant commenced the present action. During the trial and by leave of court the plaintiff filed an amendment to her complaint alleging the affirmance of the judgment in the case of *Grant* v. *Ryon, supra.* Judgment in the present action was rendered for the plaintiff.

■ On this appeal it is contended by the defendant that the court erred in permitting the amendment to the complaint. The defendant relies on numerous authorities, such as *Wittenbrock* v. *Bellmer*, 57 Cal. 12, *McCormick* v. *North British Ins. Co.*, 78 Cal. 468 [21 Pac. 14], *Lewis* v. *Fox*, 122 Cal. 244 [54 Pac. 823], *Jennings* v. *Ward*, 114 Cal. App. 536 [300 Pac. 129], and *Sutherland* v. *California Highway Ind. Exch.*, 88 Cal. App. 724 [264 Pac. 278], in support of its contention that a supplemental complaint may not be filed where the cause of action is not complete when the suit is commenced. The copy of the policy introduced in evidence by the defendant provided that the "company shall not be liable to pay any loss, nor shall any action be brought against the company to recover under this policy until a final judgment shall have been recovered against the assured in a suit covered thereby". The defendant urges that the action when filed was premature and that an amendment would be ineffectual for any purpose under the rulings of the cited cases.

The law as stated in the cases relied on is not questioned. However, because of the facts found by the trial court with sufficient evidence to support them, we conclude that those authorities are inapplicable and do not require a reversal of the judgment. It appears that Thomas T. Harbeson lost his life in a fire which consumed his home, and that the fire also destroyed the policy here involved. Upon the entry of judgment against the Ryons in the personal injury action, the insurance company repudiated any liability on account of the judgment and refused to furnish the plaintiff with a copy of the policy or a statement of its terms. The plaintiff, without knowledge of the provisions of the policy, thereupon commenced the present action. It was not until the copy of the policy was introduced in evidence on the trial of the present action that the plaintiff had notice of the special provision hereinabove quoted. ■ It is a well-recognized rule, which we conclude is applicable to the special circumstances here, that the insurer may not repudiate the policy, deny all liability, and at the same time be permitted to stand on a provision inserted in the policy for its benefit. (*Farnum* v. *Phoenix Ins. Co.*, 83 Cal. 246, 262, 263 [23 Pac. 869, 17 Am. St. Rep. 233]; *Hill* v. *Mutual Benefit Health etc. Assn.*, 136 Cal. App. 508 [29 Pac. (2d) 285]; *Continental Ins. Co.* v. *Wickham*, 110 Ga. 129 [35 S. E. 287]; *Royal Ins. Co.* v. *Martin*, 192 U. S.

149 [24 Sup. Ct. 247, 48 L. Ed. 385]; Joyce, the Law of Insurance, 2d ed., vol. 5, sec. 3211.) ▆ ▪ Furthermore, under the facts shown, it may not be said that the trial court abused its discretion in permitting the amendment to the complaint.

▆ The defendant also contends that two findings of the court are not supported by the evidence, namely, the finding that the coverage under the policy introduced in evidence, which designated only the Studebaker car, had been transferred to the Chrysler automobile; and the finding that Herndon Ryon had the implied consent of the Harbesons to drive the Chrysler car at the time of the accident. There is ample evidence in support of these findings. Both the oral and the documentary evidence disclosed the fact of the transfer by the defendant's agent of the policy from the Studebaker to the Chrysler at the time of the purchase of the latter car. The history of the use of the car by Herndon Ryon during his residence with his sister, even though on the particular occasion express consent was not given, is sufficient evidence of their consent to its use by him at that time. (*Phillips* v. *Cuccio,* 5 Cal. App. (2d) 520 [42 Pac. (2d) 1050].)

The judgment is affirmed.

Seawell, J., Houser, J., Curtis, J., Waste, C. J., and Langdon, J., concurred.

Rehearing denied.