[Civ. No. 13797.   Second Dist., Div. Three.   Apr. 6, 1943.]

FRANK S. GENUSER, Respondent, v. THE OCEAN ACCI-
    DENT AND GUARANTEE CORPORATION, LIM-
    ITED (a Corporation), Appellant.

George H. Moore and Hugh B. Rotchford for Appellant.

Hibbard and Kleindienst for Respondent.

SHINN, Acting P. J.—The judgment from which defendant The Ocean Accident and Guarantee Corporation, Ltd., appeals reformed a policy of automobile insurance issued by said defendant in favor of plaintiff by correcting the description of the property insured so as to describe a 1934 Ford car, motor No. 18-705524, instead of a 1933 Ford, motor No. 18-447073; the judgment also awarded plaintiff as moneys due under the insurance policy the aggregate sum of $3,350 and interest. The basis of the reformation of the contract which the court decreed is the one declared by section 3399 of the Civil Code, which reads: "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention. . . ."

The court found: "That it is true that it was the intention of the plaintiff and defendant The Ocean Accident and Guarantee Corporation, Limited, to insure the plaintiff from liability caused by accident, as aforesaid, arising out of the use, ownership and maintenance of an automobile owned by plaintiff and in which he had an insurable interest, to-wit, a 1934 de luxe Ford coupe, motor No. 18-705524, and not to insure the plaintiff from liability in connection with the use, ownership and maintenance of any automobile not owned or operated by

him or in which, or in the use of which he had no insurable interest. That through the mistake of plaintiff, known to defendant, a policy of insurance was issued upon an automobile which the plaintiff did not own or was not operating or in which he had no insurable interest. That each of plaintiff and said defendant, The Ocean Accident and Guarantee Corporation, Limited, intended and agreed that the legal consequences of their acts should be the indemnification of plaintiff against loss and damage from bodily injury and injury to or destruction of property caused by accident in the amounts specified in said Exhibit 'A' arising out of the ownership, maintenance or use of an automobile which plaintiff then owned, to-wit, a de luxe Ford coupe automobile, year model 1934, engine No. 18-705524.''

In *Genuser* v. *Ocean Acc. etc. Corp.*, (1941) 42 Cal.App.2d 673 [109 P.2d 753], which was a different action brought by plaintiff herein against defendant herein for reformation of the same policy of insurance, it was held that the complaint, which alleged the same facts as those contained in the above quoted finding, were sufficient to state a cause of action for reformation of the contract. Accordingly, the court reversed a judgment which had been entered in favor of the defendant after the sustaining of its demurrer to the complaint. We adopt for the purposes of our decision what the court there said as to the sufficiency of the facts to establish a mistake warranting reformation. The sole question before us on this branch of the case is whether the evidence was sufficient to support the foregoing finding; the answer is in the affirmative.

Plaintiff arranged to buy a used Ford car from a dealer. He paid the price asked for a 1933 car, motor No. 18-447073, and took possession of it under an arrangement that he might drive it for a few days and, if not satisfied, return it and exchange it for any other second-hand car the dealer had for sale. Title to the car was not transferred to him. Three days later he returned the car to the dealer and took in its place and acquired title to a 1934 Ford, motor No. 18-705524. On the day that he drove out the first car, through one Widenham, an insurance broker, plaintiff ordered from defendant a policy insuring him against public liability and property damage. He gave to Widenham and Widenham gave the company a description of the first car. Three days later he informed Widenham that he had purchased the second car instead of the first one, but through inadvertence he described to Widenham the 1933 car; Widen-

ham on the same day notified defendant that plaintiff had actually purchased a different car and that the description of the 1934 car should be inserted in the policy in lieu of the first description, but Widenham, due to plaintiff's mistake and inadvertence, repeated the description of the first car. The parties intended that the policy would describe a car which plaintiff owned, not one which he did not own. Plaintiff did not discover the mistake in the policy until after the 18th of April, 1938, on which date the car was involved in an accident, as hereinafter stated. All of the foregoing facts were found to be true and are fully supported by the evidence and the inferences reasonably deducible therefrom. The court further found that defendant knew that plaintiff did not own or have an insurable interest in the car described in the policy and that plaintiff had made a mistake in attempting to describe the 1934 car. This fact as to defendant's knowledge was one which was reasonably and logically to be inferred from the evidence. If defendant had been without such knowledge, the misdescription of the car would have been due to a mutual mistake. It was stipulated that insurance would have been issued on the 1934 car if it had been applied for, and at the same rate. Plaintiff made out a good case for reformation of the policy.

The second branch of the case has to do with the contention of the company that the present action was barred by a stipulation of the policy limiting the right to sue thereon to a period of two years and one day after liability of the insured against which he was protected by the policy had been finally determined by judgment or by written agreement of the insured, the claimant (for damages) and the company.

On April 18, 1938, plaintiff's minor daughter, for whose negligence plaintiff was liable under section 350 of the Vehicle Code, drove the car into collision with another car, with resulting injuries to two occupants of the latter car. Both sued plaintiff. One recovered a judgment, which plaintiff paid December 19, 1938; the other case was compromised November 23, 1938, and plaintiff paid a sum less than the actual damages sustained by the plaintiff in that action. Plaintiff had tendered the defense of these actions to defendant, but defendant denied all liability under the policy and refused to defend and later refused to pay the sums for which plaintiff was liable on account of the accident and likewise refused to reimburse plaintiff for attorney's fees and expenses paid out in defense of the actions and which were included in the sum of $3,350 for which the judgment herein was rendered. The present action was filed

February 13, 1941, or two years and from two to three months after plaintiff had paid the judgment obtained by one of the claimants and had settled with the other.

In discussing defendant's contention that the action was filed too late, we accept as a settled principle of law that an insurer may by the contract of insurance limit the time within which suit may be brought on the policy so as to provide a shorter time than is provided by law. The limitation of the time for bringing suit to two years and one day was not of itself invalid; stipulations for shorter periods have been upheld. (*Tebbets* v. *Fidelity & Casualty Co.*, (1909) 155 Cal. 137 [99 P. 501].) As his first excuse for not bringing suit within the limited period, plaintiff insists that defendant's denial of liability, of itself, constituted a waiver of the condition of the policy. He quotes the rule stated in *Grant* v. *Sun Indemnity Co.*, (1938) 11 Cal.2d 438, 440 [80 P.2d 996], as follows: "It is a well-recognized rule, which we conclude is applicable to the special circumstances here, that the insurer may not repudiate the policy, deny all liability, and at the same time be permitted to stand on a provision inserted in the policy for its benefit." We do not find authority which supports plaintiff's contention that denial of liability under a policy of insurance of itself constitutes a waiver by the insurer of a condition of the policy limiting the time for the commencement of an action. Undoubtedly denial of liability does excuse the insured from thereafter furnishing proof of loss (*Hill* v. *Mutual Benefit Health etc. Assn.*, (1934) 136 Cal.App. 508 [29 P.2d 285]) and from compliance with other stipulations specifying conditions precedent to suit on the policy (*Farnum* v. *Phoenix Insurance Co.*, (1890) 83 Cal. 246 [23 P. 869, 17 Am.St.Rep. 233].) But there is no occasion for bringing suit on a policy unless the insurer denies liability in whole or in part, and the contract cannot be construed to mean that the limitation is effective where the company admits partial but not total liability and is not effective where it denies all liability. (Joyce, the Law of Insurance, 2d ed., vol. 5, secs. 3211 and 3212.)

There is, however, a well settled rule under which the insurer may be precluded from asserting as a bar to the action failure of the insured to sue within the time limited by the policy. It was stated in *Sheard* v. *United State Fidelity & Guaranty Co.*, (1910) 58 Wash. 29 [107 P. 1024, 109 P. 276], that the limitation of the time for bringing suit is not controlling where there is a reasonable excuse for delaying the suit beyond the

time agreed upon, and it was also stated in *Thompson* v. *Phenix Ins. Co.,* (1889) 136 U.S. 287, 298 [10 S.Ct. 1019, 34 L.Ed. 408, 413], ''While the validity of such a stipulation cannot be disputed (*Riddlesbarger* v. *Hartford F. Ins. Co.,* 74 U.S. (7 Wall. 386) 7 [19 L.Ed. 257] ), we do not doubt that it may be waived by the Company. And such waiver need not be in writing. It may arise from such a course of conduct upon its part as will equitably estop it from pleading the prescribed limitation in bar of a suit by the insured.'' This rule was followed by the trial court, which took into consideration everything that occurred from the time plaintiff discovered the mistake that had been made in writing the policy to the time when the present action was commenced. In determining whether the ruling was correct we must consider the same facts and should reach the same result, if the determination of the trial court finds reasonable support in the facts found.

The essential facts as found by the court and upon which plaintiff relies are the following: after the accident and prior to July 12, 1938, he demanded that defendant perform its obligations under the policy, which defendant refused to do, denying liability; on July 12, 1938, he brought an action, to which we have heretofore referred, for reformation of the policy; defendant demurred to his complaint, the demurrer was sustained, plaintiff amended, defendant again demurred, the demurrer was sustained, and on October 6, 1938, judgment was rendered in favor of defendant. On November 2, 1938, plaintiff appealed. On January 29, 1941, the District Court of Appeal, as above stated, reversed the judgment and fifteen days later, or some forty-three days before that decision had become final, plaintiff instituted the present action.

(In his complaint in the present action plaintiff prayed that it be consolidated for the purpose of trial with the former action, in which it was sought to reform the policy but not to recover on it. Defendant by special defense pleaded the pendency of the former action in abatement of the present one. At the inception of the trial defendant moved for judgment on the pleadings on the ground that another action was pending, which motion was denied; defendant then moved that plaintiff be required to elect to proceed with the trial of either the first or the second action and plaintiff elected to try the second one instead of the first. If the latter motion was not an abandonment of the defense of another action pending, it has been abandoned on the appeal by failure to present it.)

The court also found as follows: ''That the delay, if any, in

the commencement of this action for recovery on the said policy was caused by the fault of the defendant, The Ocean Accident and Guarantee Corporation, Limited, in refusing to reform the said policy to express the true intent and agreement of the parties thereto. That because of facts hereinabove found, the limitation prescribed by said policy for the commencement of suit to recover thereon is unreasonable.'' What the court really decided was not that the limitation prescribed by the policy was unreasonable, as the foregoing language might indicate, but that under the entire facts of the case, which are set forth in the findings at length, it would be unreasonable and inequitable to give effect to the limitation.

We are entirely satisfied with this conclusion. The delay in filing suit did not result alone from defendant's denial of liability; it resulted from the consequences of defendant's denial, which imposed upon plaintiff the necessity to first establish his right by reformation of the policy. It would be a harsh rule indeed which penalized plaintiff where he acted with the utmost diligence to establish his rights under the policy against the persistent opposition of the defendant. Defendant's denial of liability forced the insured to bring suit for reformation of the policy. That action was instituted promptly and was prosecuted with diligence. From an adverse judgment in the trial court he appealed. At the time the appeal was taken plaintiff's liability to the persons injured in the accident had not been established. When the judgment for damages was rendered against him and when he settled the other claim it was too late for him to amend his complaint for the recovery of the amount of his damage, since the case was then on appeal. It is true, of course, that he could have brought another action for damages before the appeal had been determined, but such an action would have had to remain untried until his right to a reformation of the policy had been determined. Presumably the defendant would have appeared in that action by demurrer and if it had, the demurrer would have been sustained, since without proof of the mistake in an action for reformation of the policy, plaintiff's 1934 car was not covered by the policy. Had plaintiff filed a second suit, the most that he could have hoped for would have been that the action would be allowed to rest until the first case had been decided. The institution of such an action would have been without purpose except, perhaps, the strategic one of avoiding the objection now urged by the defendant that the present suit is barred by the limitation. We cannot believe that plaintiff

was required to take such a futile step for the preservation of his rights, or that the condition of the policy may reasonably or justly be given the effect of requiring plaintiff to bring a suit which could not reasonably or sensibly have gone to trial until the other action had been determined. We assume that the limitations of the time within which suit may be brought which are commonly found in insurance policies are placed there in good faith and to serve a wholly proper and meritorious purpose. We do not doubt that experience has demonstrated the wisdom of providing by contracts of insurance shorter periods for the institution of actions than those provided by law, but the purpose of such limitations is to obtain the advantage of an early trial of the matters in dispute and to make more certain and convenient the production of the evidence upon which the rights of the parties may depend. We think it would be wholly unreasonable to say that plaintiff was required to file his complaint with the county clerk under the circumstances that confronted him, when the case would have had to remain dormant or, if it had been pressed by either of the parties, defendant would have been subjected to unnecessary expense in the event it prevailed in the first action. Defendant would clearly have been in a position to defeat a recovery on the policy until the right to have it reformed had been established. Inasmuch as the defense of the first action rendered it impracticable, to say the least, to go to trial in a second action until the final determination of the first one, it is clear to us that defendant's conduct furnished the occasion for the delay and that it cannot take advantage of a situation which was of its own creation. It had a right, of course, to defend the first action, but in doing so it defeated the purpose of the stipulation which limited the time for bringing suit on the policy. Under these facts we believe that the trial court should have felt impelled to render judgment in favor of plaintiff.

The judgment is affirmed.

Wood (Parker) J., and Bishop, J. pro tem., concurred.