213 P.2d 920

## LEACH v. FARMER'S AUTOMOBILE IN-TERINSURANCE EXCHANGE.

## LEACH et ux. v. FARMER'S AUTOMO-BILE INTERINSURANCE EX-CHANGE.

### No. 7579.

Supreme Court of Idaho.

Jan. 10, 1950.

Rehearing Denied Feb. 6, 1950.

Herman Welker, Payette, George Donart, Weiser, for respondent.

Ariel L. Crowley, Boise, for appellant.

158

TAYLOR, Justice.

About 9:30 p. m. in the evening of December 12, 1946, George A. Davis, 16 years of age, was driving his father's car about the streets of Fruitland in Payette County. With him were two companions. They were engaged in a "lark", apparently playing "hide-and-seek" with other teenagers, and were driving with the lights off. While so being driven the car struck and injured a nine year old boy, Allen Leach. Davis and his companions did not stop, but having felt the jar, thinking they may have struck a "bump" or a "dog" they drove around the block and back to the point of impact. Seeing nothing, they went on their way. The next day the Davis boy's mother heard via radio of the Leach boy's injury and that he had been taken out from under a car. She talked to her son George. He told her that he had hit something; that he did not stop, nor take the boy out from under his car; and that there were other school "kids" driving around. So she concluded her son could not have been involved.

During the course of the investigations that followed, the boys told the officers that they were driving with the lights on. In March of 1947, suspicions pointing to his car as being the one which struck the Leach boy, Anson B. Davis, the father of the driver, reported that fact to the agent of the defendant at Payette, from whom he had purchased the insurance covering his car at the time. The agent testified that he did not have Davis make a written report, or give him a blank for that purpose, because Davises "did not know whether their boy did it". The agent then called the adjuster in Boise. A few days later an agent of defendant made an investigation, in the course of which the sheriff advised the agent that his information was that the Davis car was being driven without lights.

The defendant had issued to Anson B. Davis (named insured) a policy of insurance, which was in effect at the time, covering liability such as claimed here, arising out of the ownership and operation of the car involved in the collision. By the terms of the policy "insured", "also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured". George A. Davis, having permission to use the car, was an "insured". Mrs. Anson B. Davis, having become "legally responsible for the use thereof" by signing the application for

driver's license of George A. Davis, section 49-313, I.C., was also an "insured". The policy also contained conditions requiring written notice of any accident "as soon as practicable" and "The insured shall cooperate with the Exchange and, upon the Exchange's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

In June, 1947, two actions were commenced against George A. Davis and his mother, Mrs. Anson B. Davis. Mrs. Davis was joined because of her responsibility under the statute, she having signed an application for a driver's license issued to the son by the State Department of Law Enforcement. One action was brought by Allen Leach, through his guardian ad litem, for personal injuries. The other was brought by the injured boy's parents for special damages. These actions were consolidated for trial and appeal.

The defendant company immediately assumed charge of the defense of the damage actions, employed counsel, filed demurrers. In the meantime, however, defendant refused to proceed further with its investigation or the defense of said actions except upon the execution of a nonwaiver agreement by Anson B. Davis and wife. Accordingly, such agreement was executed July 3, 1947, in which it was recited that defendant denied liability under its policy issued to Davis because the accident was not reported to it until March 13, 1947. Thereafter the insurer continued its investigation and the defense of the actions. During the course of its further investigation and on September 11, 1947, knowledge was brought home to defendant that George A. Davis was driving without lights at the time of the accident. On November 18th George admitted that fact.

The trial of the damage actions commenced November 21st, and judgments upon the verdicts were entered against the defendants, Mrs. Anson B. Davis and George A. Davis. The defendant, continuing the defense against said claims, in proceedings on motions for new trial, procured a reduction in the amounts of both judgments. Thereafter the judgments having become final, and executions thereon having been returned unsatisfied, these actions were brought by the respective judgment creditors to recover the amounts of the judgments from the defendant on its liability as insurer. In its answers the defendant denied liability, alleging that written notice was not given by the insured "as soon as practicable", and that it had no knowledge of the accident until 92 days after the event, when Anson B. Davis orally notified it, without giving the statement of particulars required by the policy. It also alleged and relies on the nonwaiver agreement.

The cases were tried to the court without a jury. The trial judge found that Anson B. Davis and Mrs. Anson B. Davis fully

complied with all of the terms and provisions of the policy except the requirement for written notice. As to George A. Davis, the court found that he untruthfully represented that he was driving with lights on, and that a few days before the trial, he told defendant's agents the truth of the fact, that he was driving without lights; that as early as September 11, 1947, the defendant knew that he was driving without lights. The court also found: that the defendant was not prejudiced either by the failure of the insured to give written notice of the accident or by the failure of George A. Davis to disclose the fact that he was driving without lights; that neither Anson B., Mrs. Anson B., nor George A. Davis knew the car insured had been involved in the accident or that liability was claimed against George, until the forepart of March, 1947; and that oral notice was immediately given upon learning the fact of such claim.

Defendant appeals from judgments entered in favor of the plaintiffs.

■ As general prefatory propositions it may be understood; that provisions for notice and cooperation in a liability insurance policy are valid, reasonable requirements, designed to afford the insurer an opportunity to defend, and to protect it against possible collusion between the assured and persons claiming covered damages; and that, in the absence of waiver or estoppel, a substantial breach of such conditions, resulting in prejudice to the insurer, will relieve it of responsibility both to the insured and injured third parties. 5 Am.Jur. 810–812; 36 C.J. 1100–1109; 45 C.J.S., Insurance, §§ 934, 1046–1063, pp. 1062–1066, 1272–1288; annotations 72 A.L.R. 1446, 98 A.L.R. 1465, 139 A.L.R. 771.

■ It appears from the court's findings that assured gave oral notice immediately upon learning of the claim. This is "as soon as practicable" and a substantial compliance with the policy as to time. McKenna v. International Indem. Co., 125 Wash. 28, 215 P. 66; Hawthorne v. Travelers' Pro. Ass'n, 112 Kan. 356, 210 P. 1086, 29 A.L.R. 494; Lincke v. Mut. Ben. Health & Acc., 76 Cal.App.2d 222, 172 P.2d 912; Hill v. Mut. Ben. Health & Acc., 136 Cal. App. 508, 29 P.2d 285; Bachman v. Ind. Indem. Co., 112 Cal.App. 465, 297 P. 110, 298 P. 57; Milks v. Tritten, 264 Mich. 414, 250 N.W. 262.

■ Violations of conditions by the assured will not release the insurer unless it is prejudiced by the violation. Mass. Bonding & Ins. Co. v. Ariz. Concrete Co., 47 Ariz. 420, 56 P.2d 188; Hynding v. Home Acc. Ins. Co., 214 Cal. 743, 7 P.2d 999, 85 A.L.R. 13; Abrams v. Am. F. & Cas. Co., Cal.App., 186 P.2d 999; Valladao v. Fireman's Fund Indemnity Co., 13 Cal. 322, 89 P.2d 643; Finkle v. Western Auto Ins. Co., 224 Mo.App. 285, 26 S.W.2d 843; Francis v. London G. & A. Co., 100 Vt. 425, 138 A. 780; George v. Employers L. Assurance, 219 Ala. 307, 122 So. 175, 72

A.L.R. 1438, annotation 1446; Ocean Acc. & Guarantee Corp. v. Lucas, 6 Cir., 74 F.2d 115, 98 A.L.R. 1461, annotation 1465; Am. Fire & Casualty Co., v. Vliet, 148 Fla. 568, 4 So.2d 862, 139 A.L.R. 767, anno. 771.

■ The record amply sustains the finding that the defendant was not prejudiced. The company accepted the oral notice, and acted upon it over a period of more than three months before demanding the non-waiver agreement. This was sufficient to lead the assured to believe no formal written notice would be required. As to the untruthful statement of the driver, the company had actual knowledge of the fact more than two months before the trial, and was put on notice that the truthfulness of the statement was questioned six months earlier (in March).

■■ Both the fact of the violation of the conditions of the policy, and that prejudice resulted therefrom, are matters of affirmative defense, which must be pleaded and proved by the insurer. Riggs v. N. J. F. & P. G. Co., 123 Or. 404, 270 P. 479; annotations 72 A.L.R. 1452–1453, 98 A.L.R. 1468, 139 A.L.R. 776–777, and cases there cited. Donaldson v. Farm Bureau Mut. Auto Ins. Co., 339 Pa. 106, 14 A.2d 117. Here the defendant pleads only the fact of the failure to give written notice. It does not plead the untruthful statement of the driver. Nor does it plead any prejudice to it arising out of either the want of written notice, or the false statement. And there was no proof of prejudice.

We have considered other assignments not disposed of by the foregoing and find no reversible error.

Attention is called to the fact that the clerk's transcript does not comply with rules 22 and 32 of this court.

The judgments are affirmed. Costs to respondents.

HOLDEN, C. J., and GIVENS, PORTER and KEETON, JJ., concur.