81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam AMEEN, Plaintiff-Appellant,
v.
CROWN LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 94-56280.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1996.
Decided March 27, 1996.
 
 Before: BEEZER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Sam Ameen appeals the district court's grant of summary judgment in favor of defendant Crown Life Insurance Company. While Ameen was employed by Crown Life and insured under a Crown Life policy, he was injured and disabled in an automobile accident. Crown Life paid benefits for a number of years and supported his retraining. After retraining, Ameen worked full-time for another employer for eighteen months but voluntarily terminated employment. He sought resumption of disability benefits from Crown Life, but Crown Life refused his request.
 
 
 3
 Ameen brought suit in Los Angeles County Superior Court, seeking compensatory and punitive damages, declaratory relief and attorney's fees. Crown Life removed the action to the U.S. District Court for the Central District of California. Jurisdiction in the district court was based on diversity of citizenship under 28 U.S.C. § 1332. The district court entered summary judgment in favor of Crown Life on all claims. The district court held that Ameen's claims were time-barred and that they failed on the merits. Ameen timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Ameen's legs were crushed in an automobile accident on September 26, 1975, while in the course of his employment with Crown Life. His injuries were covered under Crown Life's Group Insurance policy, which provided long-term disability insurance as part of an employee benefit program.
 
 
 5
 Ameen attempted to return to work at Crown Life following the accident. Ameen asserts that because he was unable to do his prior work at Crown Life (as a photolithographer), he was reassigned to do clerical work. Crown Life asserts that this reassignment was part-time and was under the auspices of its Vocational Rehabilitation Program. Ameen claims that he had no aptitude for this type of work and consequently left the employ of Crown Life on January 30, 1981.
 
 
 6
 Ameen eventually returned to school to retrain in color technology/commercial photography. He attended the Brooks Institute in Santa Barbara, California, from July 11, 1983 until his graduation on December 18, 1987. In September, 1989, Ameen began working full time at the Brooks Professional Color Lab (Brooks).
 
 
 7
 Crown Life paid disability benefits to Ameen from the time of his injury in 1975 until he began full-time employment in September, 1989. Ameen claims that Crown Life did not continuously pay benefits. According to Ameen, between 1975 and 1989 Crown Life reduced and even stopped his benefits for some period of time. Crown Life asserts that Ameen's benefits were properly reduced during his participation in the Vocational Rehabilitation Program. After Ameen concluded his active employment at Crown, his full disability payments resumed. When Ameen commenced full-time work at Brooks, Crown Life terminated Ameen's disability benefits, effective September 24, 1989, in a letter dated December 18, 1989.
 
 
 8
 In April 1991, Ameen resigned from Brooks and subsequently requested additional disability benefits from Crown Life. He was initially told orally that there was "nothing [Crown Life] could do for him." After correspondence between Ameen's attorney and Crown Life, Crown Life denied Ameen's claim for further benefits in a letter dated October 20, 1992.
 
 
 9
 Ameen filed this action on September 29, 1993. He seeks benefits under the policy from April 1991 onward (the date he ceased working), or in the alternative, from October 1991 onward (the date he ceased working, plus a six-month waiting period). He also seeks emotional distress damages and exemplary damages under a theory of bad faith denial of coverage. Finally, Ameen seeks a declaration that he is entitled to long-term disability benefits under the Crown Life policy. The district court entered summary judgment in favor of Crown Life on August 16, 1994.
 
 II
 
 10
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 11
 * Under California law, an insurer may fix the time within which a suit may be brought, whether it is shorter or longer than that set by the statute of limitations. Gifford v. Travelers Protective Ass'n of America, 153 F.2d 209, 211 (9th Cir.1946); Genuser v. Ocean Accident & Guarantee Corp., 135 P.2d 670, 672 (Cal.App. 2 Dist.1943).
 
 
 12
 The limitations period in the policy begins to run on a specified date without regard as to whether a cause of action has then accrued. Relevant portions of the policy provide:
 
 Limitation of Action
 
 13
 No action at law or in equity shall be brought to recover under any health insurance benefit under this policy before the end of the sixty day period immediately following the date on which proof of loss is received at a Group Claims Office of Crown Life, nor shall such action be brought at all unless brought within the Limitation of Action time period shown in the POLICY SCHEDULE.
 
 
 14
 Policy at 14 (emphasis added).
 
 POLICY SCHEDULE
 LIMITATION OF ACTION
 Limitation of Action time period:
 
 15
 3 year period immediately following the expiration of the period of time within which proof of loss is required.
 
 
 16
 Policy at 17.
 
 Proof of Loss
 
 17
 Written proof of loss for a claim for loss of time because of disability must be received at a Group Claims Office of Crown Life within the ninety day period immediately following termination of the first period for which Crown Life is liable ...
 
 
 18
 Policy at 14.
 
 
 19
 Piecing these provisions together, the policy provides that no action shall be brought after the three year period immediately following the expiration of the ninety day period immediately following termination of the first period for which Crown Life is liable. In other words, the policy requires that an action must be brought within three years and ninety days of the "termination of the first period for which Crown Life is liable."
 
 
 20
 The district court interpreted this "termination of the first period" language to refer to the termination of benefits on September 24, 1989. The policy defines "benefit payment period" as the period starting the day after completion of the waiting period and running through the earliest of (1) the last day of total disability, (2) the last day of the maximum benefit payment period, (3) the date the insured ceases to provide to Crown Life satisfactory written proof of continuous total disability, or (4) the date of the insured's death. Policy at 3. We interpret this definition to delineate the period of liability referred to in the proof of loss clause. Accordingly, the "termination of the first period for which Crown Life is liable" occurred on September 24, 1989. Ameen had three years and 90 days from this date to file an action under the policy. He did not file suit until September 29, 1993, more than four years after the clock began to run.
 
 
 21
 Ameen explains his choice of start date for the limitations period by asserting that he was "not requesting or expecting any benefits" between September, 1989 and April, 1991, and that Crown Life's breach (under Count I) therefore did not occur until April, 1991, when Ameen requested reinstatement of his benefits. Unfortunately for Ameen, his argument misses the point. The clock started to run at the end of the first period of benefits, regardless of whether he was expecting or requesting benefits then.
 
 
 22
 Ameen's suit was not timely filed and is time-barred.
 
 B
 
 23
 The merits of Ameen's case hinge on the interpretation of one provision, which deals with "recurrent total disability." After holding that Ameen's claims were time-barred, the district court held the provision to be unambiguous. The provision is unquestionably turgid and awkward, but we agree with the district court that it is not ambiguous. The provision states:
 
 
 24
 If, after termination of any period of total disability for which income benefits have been received under this policy, and after returning to work on a full-time and full-pay basis, an employee again becomes totally disabled as a result of the same or a related disability, such later period of total disability will be treated by Crown Life as a continuation of the previous one, whether or not this policy is then in force, if separated by less than a continuous period of six months of active employment, without the requirement of a new waiting period.
 
 
 25
 Ameen would interpret this language to provide for resumption of full disability benefits whenever a disabled person returns to work and subsequently suffers a relapse of the disability. He would interpret the last two clauses to waive the requirement of a waiting period when the relapse occurs within six months of commencing full-time employment.
 
 
 26
 Ameen's reading of the policy provision is not a natural reading. The language provides that disability benefits will resume (without a waiting period) for anyone who returns to work but suffers a relapse of disability within the first six months after returning to work. The provision does not cover an insured who works full-time for more than six months.
 
 
 27
 The difficulty in interpretation comes in determining precisely what will happen "without the requirement of a new waiting period." There is only one grammatically permissible construction, and it is admittedly difficult to trace. Under the recurrent total disability provision, a "later period of total disability will be treated by Crown Life as a continuation of the previous one," "without the requirement of a new waiting period" when certain other conditions are met. Those conditions are the "termination of any period of total disability for which income benefits have been received under this policy;" the employee's "return[ ] to work on a full-time and full-pay basis;" that the "employee again becomes totally disabled as a result of the same or a related disability;" and that the two periods of disability are "separated by less than a continuous period of six months of active employment." Recurrent total disability benefits will be paid "whether or not this policy is then in force."
 
 C
 
 28
 Ameen was not entitled to benefits under the policy after they were terminated on September 24, 1989. Consequently, he cannot maintain a claim for bad faith. Under California law, a "bad faith claim cannot be maintained unless policy benefits are due." Love v. Fire Ins. Exchange, 221 Cal.App.3d 1136, 1153 (Cal.App. 4 Dist.), review denied (1990); see also California State Auto. Ass'n Inter-Insurance Bureau v. Superior Court, 184 Cal.App.3d 1428, 1433 (Cal.App. 3 Dist.), review denied (1986) ("no award can be made without first establishing that coverage exists").
 
 III
 
 29
 California law allows an insurer to specify a limitations period. Crown Life set a limitations period at three years and 90 days from the termination of the first period of benefits. Ameen did not file suit within this period. His claim is time-barred.
 
 
 30
 Ameen's claim also fails on the merits. Because he is not entitled to benefits, he cannot maintain a claim for bad faith.
 
 
 31
 AFFIRMED.
 
 NOONAN, Circuit Judge, dissenting:
 
 32
 What does "within the 90 day period immediately following termination of the first period for which Crown Life is liable" refer to? It is my reading that "the first period for which Crown Life is liable" is the first employment period of the employee, with the period depending on whether the employee is paid on a weekly or monthly basis. The policy is written for the Crown employees and refers to a claim "for loss of time," so it is natural to think of what the employee can claim in terms of the employee's pay period.
 
 
 33
 If the "first period" is not a reference to the employee's pay period, then the policy does not have any limitation of action except in the case of a recurrent disability, because both the "limitation of action" and the "limitation of action" refer to the proof of loss to get them started.
 
 
 34
 While, of course, an insurance company may pay a claim waiving the proof of loss, it would seem highly unusual not to have any requirement for proof of loss that the insurer could enforce if it wanted to, and it would also seem an unusual interpretation of this policy not to have a limitation of action that would begin to run after the initial accident.
 
 
 35
 If "the first period" refers to the employee's pay period it cannot refer to the first period in which Crown pays disability benefits, nor does it make much sense to interpret the provision as relating to that period. Read that way, if an employee has been receiving benefits and then the benefits are terminated because the employee has gone back to work, the employee must make a "proof of loss" within 90 days following his return to work and termination of benefits. But a 90 day limitation conflicts with the provision as to "Recurrent Total Disability" which gives the employee at least six months in which the employee can try active employment.
 
 
 36
 In short, it seems to me that the two limitation of action sections are geared only to the first employee pay period for which Crown is liable.
 
 
 37
 As to the "Recurrent Total Disability" provision, it is grammatically difficult to construe because the adjective "separated" would logically apply to one of a number of nouns immediately preceding the adjective, whereas Crown's interpretation forces one to skip over half a dozen nouns to get to "later period.' In addition to this fairly serious grammatical difficulty, one reasonable meaning of the provision is that there is no requirement of a new waiting period if there is less than six months of active employment between original disability and its recurrence. The argument of Crown depends on the insertion of an "only" before "if separated." It does not seem to me that the drafter of the policy should be given the benefit of language that it did not choose to use.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3